No._01-15-00663-CV_

IN THE COURT OF APPEALS

First District of Texas

Houston, TEXAS

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS
AUG 18 2015
CHRISTOPHER A. PRINE
CLERK

Devon Wilmington

Appellant

vs.

Bay Area Utilities, LLC, et al.

Appellee

# PETITION FOR WRIT OF SUPERSEDEAS AND MOTION FOR TEMPORARY STAY OF EXECUTION OF JUDGMENT

TO THE HONORABLE COURT OF APPEALS OF TEXAS:

After a non-jury trial, Bay Area Utilities, LLC. obtained a judgment in the amount of $37,020.00, $14,422.79 Attorney's Fees; and the additional sum of $7,500 in the event Plaintiff is successful in appeal to Texas Court of Appeals; and an additional sum of $7,500 in the event of successful appeal to Supreme Court against Devon Wilmington and All Occupants, including Albert Reff in connection with a Forcible Detainer.

1

Before the court is the motion of Devon Wilmington et. al, to stay execution of judgment pending appeal with a supersedeas bond in accordance with Rule 62(d) of the Federal Rules of Civil Procedure.

Appellant, Devon Wilmington further petitions this Court for a writ of supersedeas to stay the enforcement of the judgment of Judge Wooldridge, visiting Judge, County Court 3, dated July 27, 2015.

Appellant seeks a stay pending review by this Court of the trial court's order granting judgment on the pleadings in favor of Appellee. If not stayed by this Court, the Appellant will suffer irreparable harm and not be able to appeal this case. Appellant will be deprived of due process of law. In support of this petition, Appellant shows the following:

**Introduction**

July 27, 2015 Judge Wooldridge issued a written judgment against Devon Wilmington and All Occupants, including Albert Reff. Appellant instantly filed a notice of appeal to the trial court and with First and Fourteenth court of appeals. Under current law the maximum that can be requested for a bond is no more than 50% of the net worth of Defendant. Defendant stated in court and deposition that she has a negative net worth. On August 11, 2015, Plaintiff filed a Motion to proceed in Forma Pauperis and affidavit of Indigency. Honorable Judge Linda

2

Storey entered a judgment and order sustaining contest to Pauper's Oath and set Supersedeas bond at $15,000 after Plaintiff's filed a contest of the Defendant's Affidavit of Indigence and response to motion to proceed in Pauperis Formis. Defendant believes this is the true motivation of Plaintiffs in their recent filing of Contest of Affidavit of Indigence and response to Motion to proceed in forma Pauperis in THE CIVIL COURT AT LAW NUMBER 3. Previously they filed contest to affidavit of indigence so Defendant could not afford to appeal because she could not afford the $4,000 minutes. The cost to file and enforce the judgement is probably 20x more than the $400 balance in Defendant's bank account. Satisfying the judgment is obviously not the goal of Plaintiffs. Plaintiffs' sole goal is to destroy Defendant. Defendant does not have adequate the funds to post a bond of $15,000. Defendant has stated in her affidavit of indigence, in deposition, in post-trial discovery that her net worth is less than zero, she has part-time job and has about $400 in cash. A writ of supersedeas would avoid this harm and preserve the integrity of the Defendant's appeal. By contrast, Plaintiffs face no irreparable harm if a stay is granted. If Plaintiffs ultimately prevail on appeal, they will obtain the relief ordered by this Court. The only harm they will suffer is a delay in taking probably $400 from Defendant. Defendant has no assets, works part-time and cares for a 2 year old son and

3

stated this in her response to post trial discovery requests made by Plaintiffs. Defendant had to spend all of her savings in the defense of the Civil court case. Defendant seeks a stay and writ of possession from this Court pursuant to Texas Civil Practice & Remedies Code Section 52.006 and Rule 24 (a)(1)(A) of the Texas Rules of Appellate Procedure.

**Reasons Why Writ Should issue**

A Stay Is Necessary to Avoid Irreparable Harm and to Protect the Appellant's Right to a Meaningful Appeal.

The purpose of a writ of supersedeas is "to preserve the status quo pending the exercise of the appellate court's jurisdiction" and "is issued only to hold the matter in abeyance pending review." If this Court disagrees with the trial court, and determines that Appellant did not defame or breach a contract, allowing Appellee to take Appellant's only means of support and all financial ability to appeal in advance of that decision would deprive the Appellant of the benefit of its appeal. In short, allowing Appellees to take all financial means of support of Appellants before the appeal is resolved effectively may render the appeal moot because Appellant will not be able to afford to continue the appeal. Appellant believes this is the

4

true motivation of Appellees in their recent filing of judgment in trial Court.

A writ of supersedeas would avoid this harm and preserve the integrity of the Appellant's appeal.

By contrast, Appellants would face no irreparable harm if a stay is granted. If Appellants ultimately prevail on appeal, they will obtain the relief ordered by this Court. Defendant had to spend all of her savings in the defense of the County Court case.

**Defendant Is  Not Likely To Succeed On The Merits**

The trial court erred as a matter of procedure in its interpretation and application due to the foreclosure on the lien which is not superior to Appellants right of possession, Chapter 24, Section 24.002, Forcible Detainer (2). There is, then, a reasonable likelihood that the Appellants will prevail on appeal. In addition, as other courts have recognized, "split in authority" or "difference of opinion" among courts, demonstrating that "reasonable jurists can disagree" on the question at issue, is sufficient to establish a "likelihood of success on the merits."

**A. Texas Civil Practice & Remedies Code Section 52.006**

As per TCPR Code Section 52.006 (b)(1) Notwithstanding any other law or rule of court, when a judgment is for money, the amount of security must not exceed the lesser of: (1) 50 percent

5

of the judgment debtor's net worth or (2) $25 million. (Defendant's net worth is represented by exhibit affidavit of networth.) (c) On a showing by the judgment debtor that the judgment debtor is likely to suffer substantial economic harm is required to post security in an amount required under Section (a) or (b), the trial court shall lower the amount of the security to an amount that will not cause the judgment debtor substantial economic harm. (d) An appellate court may review the amount of security as allowed under Rule 24, Texas Rule of Appellate Procedure, except that when a judgment is for money, the appellate court may not modify the amount of security to exceed the amount allowed under this section. The Appeals Court can modify the amount of security.

## B. Texas Rule of Appellate Procedure 24

Texas Rule of Appellate Procedure 24.2 provides: Amount of Bond, Deposit or Security (a) Type of judgment (1) For recovery of money. When the judgment is for money, the amount of the bond, deposit, or security must equal the sum of compensatory damages awarded in the judgment, interest for the estimated duration of the appeal, and costs awarded in the judgment. But the amount must not exceed the lesser of: (A) 50 percent of the judgment debtor's current net worth; or (B) 25 million dollars.

### Attachments

6

Attached to this petition for consideration by this Court are a copy of the order sought to be stayed and the Appellant's notice of appeal and to stay the order.

The Defendant respectfully applies to this Court for an order temporarily staying the enforcement of the July 27, 2015 and August 11, 2015, Civil Court At Law 3 order that is the subject of this accompanying petition for writ of supersedeas, such order to be in effect until determination by this Court whether it shall enter its writ. In support of this application for a temporary stay, the Defendant references the arguments above showing that harm will be done to the Defendant if her only means of support is removed. Defendant argues that a bond in any amount is more than her net worth which is zero.

## Prayer

WHEREFORE, Appellant respectfully prays this Honorable Court grant anise a Motion and Order to set Supersedes Bond and Grant Stay for an order staying the enforcement of the July 27, 2015 and August 11, 2015 #3 Trial Court order, that is the subject of this petition for writ of supersedeas, such order to be in effect until determination by this Court whether it shall

7

enter its writ. In support of this application for stay, the Appellant references the arguments above showing that harm will be done to the Appellant if her only means of support is removed.

Respectfully submitted,

Devon Wilmington

12951 Iris Garden Lane

Houston, Texas 77044

State of Texas

County of Harris

On this 18 day of August, 2015 before me

personally appeared Devon Wilmington, to me known to be the

person described in and who executed the foregoing instrument and acknowledged that he/she

executed the same as his/her free act and deed, for the purposes therein set forth.

MORGAN SKY FUGATE
My Commission Expires
March 7, 2018

_(Notary Public)_

My Commission Expires: March 7, 2018

9



"CLOSED"

NO. 1057183

| | | |
|---|---|---|
| BAY AREA UTILITIES, LLC | § | IN THE COUNTY COURT |
| PLAINTIFF | § | |
| | § | |
| V. | § | AT LAW NO. THREE (3) |
| | § | |
| DEVON WILMINGTON AND ALL | § | |
| OCCUPANTS | § | |
| DEFENDANT | § | HARRIS COUNTY, TEXAS |

## JUDGMENT

On July 27, 2015, the Court heard the Petition for Forcible Detainer brought by BAY AREA UTILITIES, LLC against DEVON WILMINGTON AND ALL OCCUPANTS.

1.      Plaintiff BAY AREA UTILITIES, LLC appeared in person and by attorney.

2.      Defendant DEVON WILMINGTON AND ALL OCCUPANTS appeared in person.

3.      The Court determined that it had proper jurisdiction over the cause and that venue was proper.

4.      The court finds that this is a suit for forcible detainer relating to premises at 12951 Iris Garden Lane, Houston, TX 77044-1229.

5.      On October 14, 2014, the petition was filed and DEVON WILMINGTON AND ALL OCCUPANTS was properly served.

6.      A trial was demanded.

7.      No jury was requested.

8.      Having reviewed the evidence, and heard the evidence and arguments, the Court is of the opinion that the petition has been proven.

9.      Plaintiff BAY AREA UTILITIES, LLC is entitled to possession of the premises at 12951 Iris Garden Lane, Houston, TX 77044-1229, said property being located in Precinct Three of Harris County, and shall receive judgment for possession of the premises.

1



10. DEVON WILMINGTON AND ALL OCCUPANTS, including ALBERT REFF, are tenants at sufferance by reason of being occupants at the time of the foreclosure of the lien superior to her/their right of possession.

11. It is therefore ORDERED, ADJUDGED AND DECREED that BAY AREA UTILITIES, LLC shall receive judgment from DEVON WILMINGTON AND ALL OCCUPANTS, including ALBERT REFF, for lost rent and other damages in the amount of $37,020.00.

12. The Court further orders that a Writ of Possession will be granted ordering the Constable of Precinct Three to place BAY AREA UTILITIES, LLC in possession of the premises.

13. The Court further orders that the Writ of Possession shall not issue until the expiration of five days from the date this judgment is signed.

14. DEVON WILMINGTON AND ALL OCCUPANTS, including ALBERT REFF, shall pay court costs in the amount of $111.00;

15. DEVON WILMINGTON AND ALL OCCUPANTS, including ALBERT REFF, pay reasonable attorney's fees in the amount of $14,422.79; the additional sum of $7,500.00 is awarded in the event Plaintiff is successful in an appeal by DEVON WILMINGTON AND ALL OCCUPANTS, including ALBERT REFF, to the Texas Court of Appeals; and the additional sum of $7,500.00 is awarded in the event Plaintiff is successful in appeal by DEVON WILMINGTON AND ALL OCCUPANTS, including ALBERT REFF, to the Supreme Court of Texas.

16. Plaintiff BAY AREA UTILITIES, LLC is entitled to interest at the rate of 5.00 percent (5.0%) per year on the total judgment from the date of judgment until paid that Plaintiff.

17. IT IS ORDERED that any party in favor of whom judgment is awarded is entitled to enforce this judgment through abstract, execution and any other process necessary.

18. All other relief not expressly granted is herein denied.

Signed on _____ JUL 27 2015 _____, 2015.

_____
Judge Presiding

RECORDER'S MEMORANDUM:
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blackouts, additions and changes were present at the time the instrument was filed and recorded.

2



FILED
8/7/2015 8:38:36 AM
Stan Stanart
County Clerk
Harris County

## CAUSE NO. 1057183

| | | |
|---|---|---|
| BAY AREA UTILITIES LLC | § | IN THE CIVIL COURT AT |
| | § | |
| V. | § | LAW NUMBER 3 |
| | § | |
| DEVON WILMINGTON, ET AL | § | HARRIS COUNTY, TEXAS |

### JUDGMENT AND ORDER SUSTAINING CONTEST TO PAUPER'S OATH

BE IT REMEMBERED that on this day came on to be heard the Contest to the Affidavit of Inability to Give Cost Bond of Affiant, in the above numbered and entitled cause. The Court, after considering the evidence and the argument of counsel, finds that Affiant BAY AREA UTILITIES LLC is able to pay all filing fees, or to give security therefore, that the affidavit was not filed in good faith and that such contest should be and is hereby sustained.

IT IS THEREFORE, ORDERED, ADJUDGED and DECREED, that the Contest to the Affidavit of Affiant BAY AREA UTILITIES LLC to proceed in this matter without payment of the costs of appeal or any part thereof, or to give security therefore is SUSTAINED.

IT IS FURTHER ORDERED that the County Clerk shall not proceed or process any further actions or settings on this case unless and until the Affiant BAY AREA UTILITIES LLC pays and/or deposits in full all costs of this appeal. *Supersedeas bond is set at $15,000.⁰⁰*

SIGNED this _11_ day of _Aug_ _2015_

_____
JUDGE PRESIDING

Harrison Gregg, Jr.
Senior Assistant County Attorney
SB: 08429500

2016 AUG 11 AM 9: 58
Stan Stanart
COUNTY CLERK
HARRIS COUNTY, TEXAS
FILED

UNOFFICIAL COPY

NOTICE: THIS FORM CONTAINS SENSITIVE DATA.

Cause Number: _____

(The Clerk's office will fill in the Cause Number when you file this form.)

Petitioner/ Plaintiff **Devon Wilmington**

In the (check one):
(Court Number) **3**
☐ District Court
☒ County Court at Law
☐ Justice of the Peace

Respondent/ Defendant **Bay Area Utilities LLC   Harris County** County, Texas
(County)

## Affidavit of Indigency
### (Request to Not Pay Court Fees)

Use this form to ask the court not to charge you for court fees. This form is also called an "Affidavit of Inability to Pay Court Costs" or a "Pauper's Oath." You can only use this form if: (1) you get public benefits because you are poor or (2) you can't pay court fees. The information you give on this form must be current, complete, true and correct.

You must either 1) sign this form in front of a notary public or 2) sign this form and sign and attach a completed "Unsworn Declaration" form. By signing in front of a notary, you *swear under oath* that the information provided is true and correct. By signing and attaching an "Unsworn Declaration" form, you *declare under penalty of perjury* that the information provided is true and correct.

**You can be prosecuted if you lie on this form.**

The court may or may not approve this request to not pay court fees. The court may order you to answer questions about your finances at a hearing. At that hearing you will have to present evidence to the judge of your income and expenses to prove that you have no ability to pay court fees.

① **The person who signed this affidavit appeared, in person, before me, the undersigned notary, and stated under oath:**

"My name is **Devon Wilmington**   My phone number is (**832**) **754 6152**

"My mailing address is **# 12951 Iris Garden Ln. Houston, TX 77045**

"My email address is **devonwilmington@yahoo.com**

"I am above the age of eighteen (18) years, and I am fully competent to make this affidavit. I am unable to pay court costs. The nature and amount of my income, resources, debts, and expenses are described in this form. *Check ALL boxes that apply and fill in the blanks describing the amounts and sources of your income.*

② "I receive these **public benefits**/government entitlements that are based on indigency:

☐ SSI   ☐ WIC   ☐ Food Stamps/SNAP   ☐ TANF   ☐ Medicaid   ☐ CHIP   ☐ AABD
☐ Needs-based VA Pension   ☐ County Assistance, County Health Care, or General Assistance (GA)
☐ LIS in Medicare ("Extra Help")   ☐ Community Care via DADS   ☐ Low-Income Energy Assistance
☐ Emergency Assistance   ☐ Child Care Assistance under Child Care and Development Block Grant
☐ Public Housing   ☐ Other: (Describe) _____

*If you receive any of the above public benefits, attach proof and label it "Exhibit: Proof of Public Benefits"*

③ "My **income sources** are stated below. (Check all that apply)

☐ Unemployed since: (date) _____
☒ Wages: I work as a **PT Healthy Living Coach** -or- for **YMCA**
          Your job title                        Your employer

☐ Child/spousal support   ☒ My spouse's income or income from another member of my household *(if available)*
☐ Tips, bonuses ☐ Military Housing   ☐ Worker's Comp   ☐ Disability   ☐ Unemployment   ☐ Social Security
☐ Retirement/Pension ☐ Dividends, interest, royalties ☐ 2nd job or other income: _____
                                                                                        (describe)

④ "My **income amounts** are stated below.

(a) My monthly net income *after taxes* are taken out is:       Total income *after taxes* → $ **311.00**
(b) The amount I receive each month in public benefits is:       Total amount received → + $ **0**
(c) The amount of income from other people in my household is:*  Total amount received → + $ **400.00**
(d) The amount I receive each month from other sources is:       Total amount received → + $ **401.00**
(e) My TOTAL monthly income is                Add all sources of income above → = $ **1122.00**
*List this income only if other members contribute to your household income.*

© TexasLawHelp.org - Affidavit of Indigency, February 2014

⑤ About my **dependents**: "The people who depend on me financially are listed below:

| | Name | Age | Relationship to Me |
|---|---|---|---|
| 1 | Samuelson Wilmington-Porter | 2 | Son |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |

⑥ "My **property** includes:

| | Value* |
|---|---|
| Cash | $ 200.00 |
| Bank accounts, other financial assets *(List)* | |
| | $ |
| | $ |
| | $ |
| Vehicles (cars, boats) *(List make and year)* | |
| 2015 Honda CRV | $ 20,000 |
| | $ |
| | $ |
| | $ |
| Real estate (house or land) *(Do not list the house you live in.)* | |
| | $ |
| | $ |
| Other property (like jewelry, stocks, etc.) *(Describe)* | |
| | $ |
| | $ |

⑦ "My monthly **expenses** are:

| | Amount |
|---|---|
| Rent/house payments/maintenance | $ — |
| Food and household supplies | $ 400.00 |
| Utilities and telephone | $ 150.00 |
| Clothing and laundry | $ 50.00 |
| Medical and dental expenses | $ — |
| Insurance (life, health, auto, etc) | $ 198.00 |
| School and child care | $ — |
| Vehicle payments | $ 411.00 |
| Gas, bus fare, auto repair | $ — |
| Child / spousal support | $ — |
| Wages withheld by court order | $ — |
| Debt payments | $ — |
| Other expenses *(Describe)* | $ |
| | $ |
| | $ |
| | $ |

Total value of property → = $ 22,000

*The value is the amount the item would sell for less the amount you still owe on it (if anything).

Total monthly Expenses → = $ 1,209

⑧ "My **debts** include: List debt and amount owed. Car - $21,000   Court Judgment for Eviction $66,553.79 rendered on 7/27/2015

*To list any other facts you want the court to know, such as unusual medical expenses, family emergencies, etc., attach another page to this form and label it "Exhibit: Additional Supporting Facts." Check here if you attach another page.* ☑

⑨ "**I am unable to pay court costs. I verify that the statements made in this affidavit are true and correct.**"

⑩ **Your Signature.** You must either: 1) sign this form in front of a notary public *or* 2) sign this form and sign and attach a completed "Unsworn Declaration" form.

► _____
Your Signature

8/5/2015
Date

State of Texas
County of Fort Bend
*Print the name of county where this Affidavit is notarized.*

Sworn to and subscribed before me today, 08/05/2015 by
Date

Devon Wilmington
*Print name of person who is signing this Affidavit. NOT the notary's name.*

*Notary fills out this section if you are signing in front of a notary.*

► _____
Notary's Signature

JAIR CHEDRAOUI
Notary Public, State of Texas
Notary Commission Expires
July 12, 2016

© TexasLawHelp.org - *Affidavit of Indigency*, February 2014

# PERSONAL NET WORTH STATEMENT

Complete a form for: (1) each socially disadvantaged proprietor, or (2) each socially disadvantaged limited and general partner whose combined interest total 51% or more, or (3) each socially disadvantaged stockholder owning 51% or more of voting stock. An individual's personal net worth includes only his or her share of the assets held jointly or as community property with the individual's spouse.

| | |
|---|---|
| Name: Devon Wilmington | Date: August 4, 2015 |
| Residence Address: 12951 Iris Garden Lane | Residence Phone: |
| City, State & Zip Code: Houston, TX 77044 | |
| Business Name: | Residence Phone: |

PERSONAL FINANCIAL STATEMENT

As of __08/04/2015__ . In determining net worth, EXCLUDE individual ownership interest in the applicant business and personal residence. If married use only ½ of marital assets. Round all numbers to the nearest dollar.

| ASSETS | | LIABILITIES | |
|---|---|---|---|
| Cash on hand and in bank | $ 200.00 | Accounts Payable | $ 0 |
| Savings Accounts | $ 0 | Notes Payable to Banks and Others | $ 0 |
| | | | (Complete Section 1) |
| IRA or Other Retirement Account | $ 0 | Installment Account (Auto) | $ 21,000 |
| Accounts and Notes Receivable | $ 0 | Installment Account (Other) | $ 0 |
| Life Insurance - Cash Surrender Value Only | $ 0 (Complete Section 7) | Loan on Life Insurance | $ 0 |
| Stocks and Bonds | $ 0 (Complete Section 2) | Mortgages on Real Estate [Except for personal residence] | $ 0 (Complete Section 3) |
| Real Estate [Except for personal residence] | $ 0 (Complete Section 3) | Unpaid Taxes | $ 0 (Complete Section 5) |
| Automobile(s) – Present Value | $ 20,000 | Other Liabilities | $ 0 (Complete Section 6) |
| Other Personal Property | $ (Complete Section 4) | | |
| Other Assets | $ (Complete Section 4) | Total Liabilities      $ 0 | |
| Total Assets      $ 0 | | **Net Worth**   $ 0 **(Total Assets minus Total Liabilities)** | |

| | | | |
|---|---|---|---|
| Other Source of Income: | | Other Contingent Liabilities: | |
| Salary/Commissions | $ 7200/yr | As Endorser or Co-worker   $ | |
| Net Investment Income | $ 0 | Legal Claims and/or Judgments | $ 66553.79 |

**Section 1. Notes payable to Bank and Others (Use attachments if necessary. Each attachment must be identified as a part of this statement and signed.)**

| Name and Address of Note Holders | Original Balance | Current Balance | Payment Amount | Frequency (weekly, monthly, etc.) | How Secured or Endorsed; Type of Collateral |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**Section 2. Stocks and Bonds. (Use attachments if necessary. Each attachment must be identified as a part of this statement and signed.) NOTE: Must be within five (5) days of statement date.**

| Number of Shares | Original Balance | Cost | Market Value Quotation or Exchange | Date of Quotation or Exchange | Total Value |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**Section 3. Real Estate Owned. (Do not include your personal residence. List each parcel separately. Use attachments if necessary. Each attachment must be identified as a part of this statement and signed.)**

| | Property A | Property B | Property C |
|---|---|---|---|
| Type of Property | | | |
| Address | | | |
| Date Purchased | | | |
| Original Cost | | | |
| Present Market Value | | | |
| Name and Address of Mortgage Holder | | | |
| Mortgage Account Number | | | |
| Mortgage Balance | | | |
| Amount of Payment per Month/Year | | | |
| Status of Mortgage | | | |

Section 4. Other Personal Property and Other Assets. (Describe, and if any is pledged as security, state name and address of lien holder, amount of lien, terms of payment, and if delinquent, describe.)

N/A

Section 5. Unpaid Taxes. (Describe in detail, as to type, to whom payable, when due, amount, and to what property, if any, a tax lien attaches.)

N/A

Section 6. Other Liabilities (Describe in detail).

Section 7. Life Insurance Held. (Give face amount and cash surrender value of policies - name of insurance company and beneficiaries.)

State Farm Whole Life Insurance, $1500.00
Beneficiary- Albert Reff

Section 8. Transfer of Assets.

Have you, the individual claiming disadvantaged status, transferred any assets within two (2) years, in full or in part, to a spouse or any other person or entity, including a trust? ☐ Yes ■ No

If yes, provide the following information as an attachment: the date of transfer, to whom the assets were transferred, amount paid for the assets, the market value of the assets at the time of transfer.

NOTE: Individuals may exclude assets transferred to an immediate family member that are consistent with the customary recognition of special occasions and may also exclude any transfers to an immediate family member for educational, medical, or essential support purposes.

Please provide copies of complete personal income tax returns, including all schedules, W-2s, and 1099 forms. *49 CFR Part 26 and federal law classify all information submitted with this form as confidential. This form or its information cannot be released to any person, governmental or commercial entity without the written permission of the person submitting the information.*

## PERSONAL NET WORTH AFFIDAVIT

The undersigned swear/affirm that the foregoing information and statements are true and correct, including all material and information necessary to identify and explain the financial net worth of

_Devon Wilmington_
(Name of Individual)

Further, the undersigned agrees to permit the TUCP and/or U.S. Department of Transportation (DOT) as part of this certification process to interview owners, principals, officers, and employees; and to audit or examine books, records, and files of the above named individual.

If at any time the TUCP or DOT has reason to believe that any person or firm has willfully and knowingly provided incorrect information or made false statements, your file may be referred to the General Counsel of DOT. The General Counsel may initiate debarment procedures in accordance with 41 CFR 1-1.604 and 12-1.062 and/or refer the matter to the Department of Justice under U.S.C. 1001, as the General Counsel deems appropriate.

*NOTE: Under Title 18 U.S.C. Section 1001 and Title 15 U.S.C. Section 645, any person who misrepresents a firm's status as a small disadvantaged business concern; or makes false statements in order to influence the certification process in any way; or to obtain a government contract, shall be subject to fines of up to $500,000 and imprisonment of up to 10 years, or both.*

The burden of proving the financial net worth is the individual's. The Agency reserves the right to request any additional information deemed necessary to determine if an individual is economically disadvantaged. Failure to provide requested information within the time specified is grounds for termination of the process.

_Devon Wilmington_
Name

_Devon Wil_
Signature

8/5/2015
Date

Title

Date _08/05/2015_ State of _Texas_ County of _Fort Bend_

On this day before me appeared (name) _Devon Wilmington_ with proper identification, who being duly sworn, did execute the foregoing affidavit and did aver that he or she was properly authorized to execute this affidavit and did so as his or her free act/deed.

JAIR CHEDRAOUI
Notary Public, State of Texas
My Commission Expires
July 12, 2016

(Seal)

Notary Public

_July 12 2015_
Commission Expiration

Devon Wilmington's Pay History

$ PAY
Return to Employee Menu

| Pay Date | Hours | Earnings | Taxes | Deductions | Net Pay | |
|---|---|---|---|---|---|---|
| 8/14/2015 | 35.25 | 308.44 | 23.59 | 0.00 | 284.85 | View Advice |
| 7/31/2015 | 38.50 | 336.87 | 25.76 | 0.00 | 311.11 | View Advice |
| 7/17/2015 | 35.75 | 312.80 | 23.94 | 0.00 | 288.86 | View Advice |
| 7/02/2015 | 33.00 | 288.74 | 22.09 | 0.00 | 266.65 | View Advice |
| 6/19/2015 | 40.00 | 349.99 | 26.77 | 0.00 | 323.22 | View Advice |
| 6/05/2015 | 34.25 | 299.67 | 22.93 | 0.00 | 276.74 | View Advice |
| 5/22/2015 | 37.25 | 325.92 | 24.94 | 0.00 | 300.98 | View Advice |
| 5/08/2015 | 30.00 | 262.48 | 20.08 | 0.00 | 242.40 | View Advice |
| 4/24/2015 | 29.50 | 258.12 | 19.74 | 0.00 | 238.38 | View Advice |
| 4/10/2015 | 39.50 | 345.61 | 26.44 | 0.00 | 319.17 | View Advice |
| 3/27/2015 | 34.25 | 299.67 | 22.93 | 0.00 | 276.74 | View Advice |
| 3/13/2015 | 38.50 | 336.86 | 25.77 | 0.00 | 311.09 | View Advice |
| 2/27/2015 | 39.00 | 341.24 | 26.10 | 0.00 | 315.14 | View Advice |
| 2/13/2015 | 39.00 | 341.25 | 26.11 | 0.00 | 315.14 | View Advice |
| 1/30/2015 | 30.00 | 262.49 | 20.08 | 0.00 | 242.41 | View Advice |
| 1/16/2015 | 39.25 | 343.44 | 26.28 | 0.00 | 317.16 | View Advice |
| 1/02/2015 | 38.75 | 339.06 | 25.94 | 0.00 | 313.12 | View Advice |

Devon Wilmington's Pay History



# OFFICE OF STAN STANART
## COUNTY CLERK, HARRIS COUNTY, TEXAS
### COUNTY CIVIL COURTS DEPARTMENT

August 5, 2015

Harrison Gregg
Assistant County Attorney
1019 Congress Ave, 15th Floor
Houston, Texas 77002

Re:     Cause No. 1057183 County Civil Court at Law No. Three (3)

## BAY AREA UTILITIES LLC
### VS.
### DEVON WILMINGTON, ET AL.

Dear Mr. Gregg,

       Pursuant to rule 20.1(e) of the Texas Rules of Appellate Procedure, I am notifying your Office that Defendant, Devon Wilmington, has filed a Notice of Appeal on July 29, 2015 and the Paupers Affidavit was filed on August 5, 2015.

A Final Judgment was signed on by Judge LINDA STOREY.

The cost of the clerk's record will be $135.00.

**Plaintiff(s)**
BAY AREA UTILITIES LLC

**Defendant(s)**
DEVON WILMINGTON

**Plaintiff's Attorney**
Joseph P. Montalbano, No. 14279700
2525 Bay Area Boulevard, Suite 310
Houston, Texas 77058
Phone: (281) 488-1656
Fax: (281) 488-5884

**Defendant's Attorney**
Devon Wilmington, Pro Se
12951 Iris Garden Lane
Houston, Texas 77044
Phone: N/A
Fax: N/A





Re: Cause No. 1057183 County Civil Court at Law No. Three (3)

## BAY AREA UTILITIES LLC
## VS.
## DEVON WILMINGTON, ET AL.

### Court Reporter
Laura Cuthrell
201 Caroline, Suite 532
Houston, Texas 77002

If there are any questions, please feel free to contact me at (713) 755-9425.

Sincerely,
STAN STANART
Harris County Clerk

Joshua Alegria
Deputy Clerk

Enclosures
Cc:
Harrison Gregg
Laura Cuthrell
Joseph P. Montalbano
Devon Wilmington

UNOFFICIAL COPY

UNOFFICIAL COPY

IN THE COUNTY COURT

AT LAW NO. (3)

HARRIS COUNTY, TEXAS

Case No. : 1057183

BAY AREA UTILITIES, LLC

    Plaintiff,

vs.

DEVON WILMINGTON, ET AL

    Defendant

JUDGE LINDA STOREY

**NOTICE OF APPEAL**

Now comes the Defendant, DEVON WILMINGTON, and hereby gives notice that She is appealing to the First Court of Appeals, Houston, Texas, from the final judgment in favor of Plaintiff, which was entered in this action on July 27, 2015.



Devon Wilmington

State : Texas

County : Fort Bend

Devon Wilmington was sworn before me on 07/29/15



JAIR CHEDRAOUI
Notary Public, State of Texas
My Commission Expires
July 12, 2016

## CERTIFICATE OF SERVICE

I, Devon Wilmington, certify that the foregoing notice of appeal was sent by Cert

United States certified mail to Joseph P. Montalbano, Attorney for Plaintiff, at 2525 Bay

Area Blvd. Suite 310, Houston, TX on July 29, 2015.



Devon Wilmington

UNOFFICIAL COPY



FILED
2015 JUL 29 PM
COUNTY CLERK
HARRIS COUNTY, TEXAS

# OFFICE OF STAN STANART
## COUNTY CLERK, HARRIS COUNTY, TEXAS
### CIVIL COURTS DEPARTMENT
P.O. Box 1525 | Houston, TX 77251-1525 | (713) 755-6421

Date: July 27, 2015

**DOCKET NUMBER: 1057183**

BAY AREA UTILITIES LLC

VS.

DEVON WILMINGTON et al.

IN THE COUNTY CIVIL COURT
AT LAW NO. Three (3)
HOUSTON, HARRIS COUNTY, TEXAS



### FINAL JUDGMENT
### IN FAVOR OF PLAINTIFF

### NOTICE OF JUDGMENT

Texas Rules of Court require me to notify you that a judgment has been rendered in the above numbered and styled cause.

Signed: 07/27/2015
Judge: LINDA STOREY

Sincerely,
STAN STANART
County Clerk, Harris County, Texas

Joe L. Belalcazar
Department Head
County Civil Courts Department

Form No. H-01-170 (Rev. 04/01/2011)

## CERTIFICATE OF SERVICE

I certify that on August 18, 2015 a true and correct copy of the APPELLANT'S PETITION FOR WRIT OF SUPERSEDEAS AND MOTION FOR TEMPORARY STAY was served by mail on BAY AREA UTILITIES ATTN: Timothy J. Henderson, 6300 West Loop South, suite 280, Houston, Texas 77401-2901 and Joseph P. Montalbano 2525 Bay Area Blvd. Suite 310, Houston, Texas 77058..

Devon Wilmington
12951 Iris Garden Lane
Houston, TX 77044